**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHNNY EVANS                                      )
                                                  )
ADC # 118439                                      )          **Case No. 5:10-CV-00380 BSM-JTK**
    Petitioner,                                   )
v.                                                )
                                                  )
RAY HOBBS, Director, Arkansas                     )
Department of Correction                          )
    Respondent.                                   )

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

    The following recommended disposition has been sent to United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Johnny Evans on December 30, 2010. Doc. No. 1.  A response was filed by Respondent Ray Hobbs on February 1, 2011. Doc. No. 5.  Petitioner did not exercise his right to file a reply. *See* Doc. No. 6. After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On April 17, 2007, Petitioner was convicted of possession of methamphetamine with intent to deliver, possession of marijuana with intent to deliver, possession of Xanax with intent to deliver, maintain a drug premises, and possession of drug paraphernalia in the Union County (Arkansas) Circuit Court, and he was acquitted of possession of drugs and firearms, possession of ecstasy, and being a felon in possession of a firearm.  He is currently serving the resulting

consecutive sentences, which total seventy-six years, in the Arkansas Department of Correction.

Petitioner directly appealed his conviction to the Arkansas Court of Appeals arguing that the trial court erred by 1) denying his motion to sever the felon-in-possession charge, 2) commenting on the evidence by instructing the jury that it should only consider Petitioner's status as a felon for the purposes of the felon-in-possession charge, and 3) denying his motion for mistrial based on a prosecution witness's unsolicited remark that Petitioner was a felon. This appeal was unsuccessful. *Evans v. State*, No. CACR07-956, 2008 WL 4335954 (Ark. App. Sept. 24, 2008) (unpublished). Petitioner's subsequent petition for review was denied by the Supreme Court of Arkansas on November 5, 2008.

On January 6, 2009, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1 based on allegations of ineffective assistance of counsel. That action was dismissed voluntarily on March 3, 2010, after Petitioner indicated his desire to abandon his claims and seek federal habeas relief.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following five grounds: 1) he was denied due process and his Eighth Amendment right to be free from cruel and unusual punishment because the consecutive nature of his sentences are grossly excessive, 2) his rights to due process and a fair trial were violated by the trial court's refusal to grant a severance of the felon-in-possession charge, 3) his rights to due process and a fair trial were violated when the judge commented on the evidence by instructing the jury that Petitioner was a felon, 4) his rights to due process and a fair trial were violated when the trial court denied his mistrial motion after a witness for the prosecution testified that Petitioner was a felon, and 5) he

is entitled to relief under the cumulative error doctrine.  However, the merits of these claims will not be addressed because all of his claims are procedurally-barred.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice[1] or actual innocence." *Id.* (internal citations omitted).  "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch*, 616 F.3d at 758 (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner did not raise his first and fifth arguments at any point at the state level; thus, Petitioner failed to properly exhaust his remedies and his procedural default prevents any federal consideration of these claims. *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a

---

[1] Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (internal citations omitted).

petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

Although versions of Petitioner's second, third, and fourth arguments were raised at the state level, those versions did not have any basis in federal law.  "We traditionally demand that a habeas petitioner have presented 'the same legal theories and factual bases to the state courts.'" *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (quoting *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994)). "Although the constitutional substance of a claim must be apparent, it is not necessary to cite 'book and verse on the federal constitution.'" *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)).  "At minimum, though, the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law." *Wyldes*, 69 F.3d at 251 (citing *Luton v. Grandison*, 44 F.3d 626, 628 (8th Cir. 1994)); *see also Carney v. Fabian*, 487 F.3d 1094, 1096-97 (8th Cir. 2007) (holding that prisoner did not satisfy presentment requirement because he "did not specifically assert a due process violation, refer to the United States Constitution, or cite a relevant federal constitutional case"); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (holding that prisoners must alert state courts "to the fact that [they] are asserting claims under the United States Constitution" by raising constitutional issues "not only in federal court, but in state court" as well); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court.").  Thus, Petitioner's failure to raise any

arguments regarding federal law[2] at the state level prevents his claims from being considered upon federal habeas review.

Although the current petition makes general references to his rights to due process and a fair trial under the United States Constitution, Petitioner's second, third, and fourth arguments still rely on perceived violations of state law.[3]  "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  Even if the present arguments were based on federal law, Petitioner's arguments could not succeed because he has failed to show that the adjudication either resulted in a decision that was: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

---

[2]

 The Court would note that Petitioner's Appellate Brief did cite *State v. Lewis*, 787 F.2d 1318 (9th Cir. 1986), but that citation merely indicated the Arkansas Supreme Court's quotation of *Lewis* in *Sutton v. State*, 311 Ark. 435, 441, 844 S.W.2d 350, 354 (1993). Resp't's Br. Ex. B, at 43, Doc. No. 5.  Apart from this lone citation of another circuit's decision, the entirety of Petitioner's appellate arguments relied on state law, state precedent, and the Arkansas Constitution.

[3]

 Petitioner's third argument, which contends that his rights to due process and a fair trial were violated when the judge relieved the prosecution of its burden to establish an element of the offense by instructing the jury that Petitioner was a felon, actually refers to several Supreme Court decisions, but this argument was rendered moot when he was acquitted of the felon-in-possession charge. *Evans v. State*, No. CACR07-956, slip op. at 5, 2008 WL 4335954  (Ark. App. Sept. 24, 2008) (unpublished).

SO ORDERED this 17th day of April, 2012.

_____
United States Magistrate Judge